## Edward GLOVER *v.* STATE of Arkansas

CR 85-122 695 S.W.2d 829

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*William R. Simpson, Jr.*, Public Defender, by: *Donald K. Campbell III*, Deputy Public Defender, for petitioner.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The accused defendant, Edward Glover, was arrested for forgery on May 3, 1983. He has not yet been tried. He seeks to be absolutely discharged by a writ of prohibition since he has not been afforded a prompt trial. We grant the writ.

 The accused, the victim, and the public are entitled to prompt criminal trials. In fact, the right to a speedy trial was deeply rooted in Anglo-American criminal justice long before the drafting of the United States Constitution. *See* Note, *Speedy Trial and Excludable Delays Under the Arkansas Rules of Criminal Procedure: Norton v. State*, 35 Ark. L. Rev. 591 (1982). Accordingly, we have adopted the speedy trial rules. *See* A.R.Cr.P. Rules 27 through 30.2. In order to ensure that prompt trials are held, the rules provide that an accused must be absolutely discharged if not promptly tried. Rule 30.1(a).

 The accused petitioner, Edward Glover, was arrested for forgery on May 3, 1983. When arrested he gave his address as "P.O. Box 36, Woodson, Arkansas." On May 5, 1983, he was taken before the Little Rock Municipal Court and was there released upon his own recognizance. He testified that he gave the same address, "P.O. Box 36, Woodson," to the municipal court officials and was told that he would be notified when to appear in court. Under these circumstances his time for trial commenced running on May 3, 1983, the date of his arrest. Rule 28.2(a). The State then had eighteen months from the date of the arrest to bring petitioner to trial. Rule 28.1(c). He was not brought to trial within that period of time. Since the speedy trial rules have been prima facie violated, the burden is upon the State to show good cause for the untimely delay. *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982). The State recognizes its burden and contends that the delay should be excused because it did not know the whereabouts of the defendant. *See* Rule 28.3(e). In order to prove

that it did not know the whereabouts of the defendant, the State put on evidence that a deputy sheriff mailed a letter to defendant at P.O. Box 36, Woodson, Arkansas, and that it was not returned. However, the State failed to prove the contents of the letter or that the envelope had a return address. Thus, the State failed to prove that it gave the defendant notice of a trial date and that he failed to appear. Furthermore, the State failed to prove that the defendant was not at the address stated.

■ The petitioner and his mother both testified that he was available for trial during the entire period. Both testified that the petitioner lived in his mother's home at all material times, excepting the one weekend per month when he attended National Guard drill. It is undisputed that his mother's mailing address is P.O. Box 36, Woodson, Arkansas. He testified that he was never given a date to appear in court and, if he had been given one, he would have appeared.

The docket sheet reflects that petitioner's case was passed in December 1983, in April 1984, and July 1984. Yet, no alias warrant was ever issued. There simply is no evidence that the defendant was unavailable or that he was notified of a court setting and failed to appear.

Petition for writ of prohibition granted.

PURTLE, J., not participating.