Lester E. HENSON *v.* STATE of Arkansas

CA CR 90-134                                    832 S.W.2d 269

Court of Appeals of Arkansas
Division I
Opinion delivered May 27, 1992

*Richard A. Garnett*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case appeals from his conviction of possession of a controlled substance with intent to deliver for which he was sentenced to five years in the Arkansas Department of Correction and a fine of $5,000. His sole point for reversal is that the court erred in refusing to dismiss the charges against him based on a violation of the speedy trial act. We disagree, and though the Supreme Court has already addressed the appellant's speedy trial argument by denying his petition for writ of prohibition, we will set forth the merits of his argument and address them accordingly.

On September 19, 1987, an information was filed alleging that the appellant committed the crime of possession of a controlled substance with intent to deliver. Trial was set for March 15, 1989, four days before the speedy trial time was to have run. At that time, Arkansas Rule of Criminal Procedure Rule 28.1(c) stated that a defendant charged in circuit court was entitled to have the charges dismissed with an absolute bar to prosecution if not brought to trial within eighteen months from the date the charge was filed (now twelve months). The appellant failed to appear in court on the date of his trial, and per a Governor's warrant, he was returned to Arkansas from the state of Ohio on August 3, 1989. A bond hearing was held on August 7, 1989, and he was given a trial date of August 15. On motion by the State, the trial was continued until August 30, but was again continued due to the appellant's filing a petition for writ of prohibition with the Supreme Court. After denial of that petition, the trial date was set for September 29, 1989, but was continued on the court's own motion due to another trial taking place at that time. On November 1, 1989, a jury convicted the appellant of the offense charged.

It is important to note that the appellant twice filed motions in circuit court to dismiss the charges based on the speedy trial violation. The first was filed August 27, 1989, and the second was filed October 26, 1989. Both were denied. The petition for writ of

prohibition was based on the same argument and was denied without opinion, the mandate being issued September 19, 1989.

In cases where the defendant is tried outside the applicable time period, the State bears the burden of showing that any delay was the result of the defendant's conduct or was otherwise legally justified. *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982). We have placed responsibility on the defendant to be available for trial, excluding such time delays which result from his failure to appear for trial. *Allen* v. *State*, 294 Ark. 209, 742 S.W.2d 886 (1988).

The appellant states that upon being returned to Arkansas and placed into custody on August 7, 1989, the State had three days in which to try him; that the date set was August 15, five days after the speedy trial time had lapsed, and trial was continued without reason until August 30.[1] First, he argues that after August 10, the State could no longer try him and he was entitled to absolute discharge. Rule 30.1; *Matthews* v. *State*, 268 Ark. 484, 598 S.W.2d 58 (1980). He also argues that the trial judge erred in failing to enter a showing of which periods were excludable from the running of the speedy trial time on the docket as required by Rule 28.3.

His first argument is without merit as the delay was chargeable to the appellant as a result of his fleeing the state. *See Williams* v. *State, supra.* Arkansas Rule of Criminal Procedure Rule 28.3(e) provides that periods when the defendant's whereabouts are unknown are excludable. According to the trial judge, he was then given the earliest date possible for trial. Rule 28.3(b) provides that a period of delay may be excluded in computing time for trial when it is resulting from congestion of the trial docket and the delay is attributable to exceptional circumstances. We find this delay to be legally justified. The Supreme Court stated in *Stanley* v. *State*, 297 Ark. 586, 764 S.W.2d 426 (1989) that though the defendant's trial could have been held earlier than it actually was, (ten days after the time for speedy trial had

---

[1] The appellant does not allege that he was available from March 1989 to August 1989, nor does he argue that the continuance from August 30 to November 1 was impermissible, thus conceding that the time for a speedy trial was tolled during these periods.

run) it was reasonable for the trial judge to postpone it when he believed an ongoing trial would run into the time set for the defendant's trial. The court pointed out that "the fair administration of justice was best served by postponing the appellant's trial to the next criminal docket." As this trial was originally delayed due to the appellant's unavailability, we find that the trial court's giving him the first available date, which was five days after the time for speedy trial expired, to be one of the "exceptional circumstances" contemplated by Rule 28.3.

■ The continuance from August 15 until August 30 was granted to the State due to the unavailability of a State's witness. This period is excludable pursuant to Rule 28.3(d)(1). In response to the appellant's request for an order showing the status of the docket, the court entered an order on September 14 providing that August 30 was the next date available for trial, and thus, this period was also excludable.

■ The appellant also argues that the court committed reversible error by failing to set forth the excludable periods in question by way of a docket sheet notation as required by Rule 28.3(i). First, a trial court's failure to comply with Rule 28.3(i) does not result in automatic reversal. *McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990). We have held that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3(i). *Id.*; *Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989). The appellant's unavailability is evident from the record and the requirements of Rule 28.3(i) have been met for the period to August 15.

■ Finally, nothing in the record reflects that the appellant has ever argued that the trial court erred by failing to set forth the excludable periods in a docket entry or order. He merely requested an order showing the status of the docket, and the order giving the basis for the continuance granted the State was entered. Failure to raise this issue precludes its consideration on appeal. *Johnson* v. *State*, 27 Ark. App. 217, 769 S.W.2d 37 (1989). For the reasons stated above, we find no violation of the Speedy Trial Act and we affirm.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.