David Lynn FOSTER *v.* STATE of Arkansas

CA CR 91-201                                    832 S.W.2d 293

Court of Appeals of Arkansas
Division I
Opinion delivered June 10, 1992

*Eugene B. Hale, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant, David Lynn Foster, was convicted of conspiracy to commit capital felony murder, a violation of Ark. Code Ann. § 5-3-401 (1987). He was arrested on November 18, 1989, and was charged with the offense on November 21, 1989. Because he was not tried until December

10, 1990, he argues that he was denied the right to a speedy trial. We find no error, and we affirm.

Arkansas Rule of Criminal Procedure 28.1(c) provides that a defendant is entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2. Rule 28.2 states that the time begins running from the date the charge is filed, or if he is held in custody, from the date of the arrest. It is undisputed that the time for a speedy trial began running on November 18 when the appellant was arrested. To comply with the speedy trial rules, he should have been tried by November 18, 1990; however, his trial was twenty-two days after that date. The docket reflects the following pertinent dates:

| | |
|---|---|
| November 18, 1989: | Arrested and taken into custody. |
| November 21, 1989: | Charged with conspiracy to commit capital felony murder. |
| October 3, 1990: | Failed to appear for a hearing and an alias warrant was ordered. |
| October 17, 1990: | Placed in custody at the County Jail at the Hempstead County Courthouse, in Hope, Arkansas. |
| November 16, 1990: | The trial court entered an order continuing the case and reset for January 8, 1991. (The order states that the period resulting from this continuance is excluded but stated no reason for the continuance to January 8.) |
| November 21, 1990: | Appeared in court and was told pre-trial was set for December 5, 1990, and trial was set for December 10, 1990. |
| November 28, 1990: | Filed motion for probable cause hearing. |
| December 5, 1990: | Made a motion to dismiss for lack of speedy trial; motion was denied. |

December 10, 1990: Appeared with counsel prior to his jury trial, and renewed his motion to dismiss for lack of speedy trial. The court again denied appellant's motion.

■ Once the defendant has proved that he was tried after the speedy trial deadline, the State has the burden of showing that any delay was the result of the appellant's conduct or was otherwise legally justified. *McConaughy v. State*, 301 Ark. 446, 784 S.W.2d 768 (1990); *Johnson v. State*, 27 Ark. App. 217, 769 S.W.2d 37 (1989). Rule 28.3 sets forth certain periods which are excludable when computing the time for trial. Rule 28.3(e) states that the period of delay resulting from the absence or unavailability of the defendant is excludable. The appellant failed to appear for a hearing which was set for October 3, 1990, and an alias warrant was issued. He was arrested and placed into custody on October 17, 1990. The parties agreed that this fourteen day period is excluded from the computation of the time for a speedy trial.

The State correctly points out that it was required to bring the appellant to trial by November 18, 1990. As that day was a Sunday, the speedy trial period ran until the end of the next day, November 19, 1990. Thus, according to Ark. R. Crim. P. 1.4, November 18 is not included as part of the period. Consequently, the appellant was tried seven days after expiration of the time for a speedy trial.

■ From this period, we also subtract twelve days for the period from November 28, 1990, when the appellant filed his motion for probable cause, to December 10, 1990, when the trial started. The period that a pretrial motion is pending is excludable under Ark. R. Crim. P. 28.3(a). Though the State argues that seven days should be excluded for consideration of this motion, from November 28 to December 5 when the trial court denied the appellant's motion to dismiss, the record does not show that the motion for probable cause was ruled upon until the trial started. When the twelve-day period is subtracted, the result is that the case was tried within the time for a speedy trial.

■ The appellant also argues that the trial judge erred in failing to make written entries as to excludable periods, nor did he

provide for any exceptional circumstances necessitating the delays. Failure to make written entries, required by Rule 28.3(i), is not, in itself, reversible error. *McConaughy, supra; Henson* v. *State*, 38 Ark. App. 155, 832 S.W.2d 269 (1992). Furthermore, the showing of exceptional circumstances applies only to cases where the delay results from "congestion of the trial docket." Here, there is no evidence the case was continued due to docket congestion. Therefore, we find no error, and we affirm.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.