Natasha Nicole STEWART *v.*
STATE of Arkansas

CR 05-18                                                      208 S.W.3d 768

Supreme Court of Arkansas
Opinion delivered May 19, 2005

*William R. Simpson, Jr.*, Public Defender, and *Sandra S. Cordi*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

Robert L. Brown, Justice. Appellant Natasha Nicole Stewart appeals from the circuit court's judgment and disposition order for her failure to appear for plea and arraignment regarding felony charges. She was sentenced to three years' probation and fined $300. The court of appeals reversed the judgment and dismissed the case. *See Stewart v. State*, 89 Ark. App. 86, 200 S.W.3d 465 (2004). This court granted the State's petition for review. On appeal, Stewart argues that the circuit court erred in denying her motion to dismiss, because the State failed to present substantial evidence that Stewart had actual notice to appear at her plea-and-arraignment hearing in circuit court.[1] We reverse the judgment and disposition order and dismiss the case.

Stewart was arrested in February 2003 for second-degree domestic battering and for obstructing government operations. On February 19, 2003, she was released on bond after her father, Michael Stewart, paid the bond costs. Upon release, Stewart gave her bail bondsman, Will Oliver, her address as 2719 Welch Street in Little Rock. Her father gave Oliver his address as 1716 South Pulaski, also in Little Rock.

On March 24, 2003, the circuit court case coordinator, Summer Studdard, testified that she mailed Stewart a plea-and-arraignment notice to the Welch Street address. The case coordinator never received the letter back for failure of delivery to Stewart or any notice that Stewart had not received the letter. On March 31, 2003, Stewart failed to appear at her plea-and-arraignment hearing for the battering and obstruction of government operations charges and later claimed that she knew nothing about it. Her bail bondsman arranged for Stewart to have another hearing on May 5, 2003. She appeared on that date and pled not guilty.

On July 7, 2003, the State filed a felony information against Stewart for failure to appear at the March 31, 2003 hearing. On September 2, 2003, the circuit court held a bench trial. Stewart was acquitted of domestic battering but was found guilty of obstructing government operations and failure to appear. She was sentenced accordingly, and a judgment and disposition order was entered.

---

[1] At the bench trial, Stewart's counsel referred to the motion he was making as a motion for directed verdict.

For her sole point on appeal, Stewart claims that the circuit court erred in denying her motion for directed verdict, which in reality was a motion to dismiss because this was a bench trial. *See* Ark. R. Crim. P. 33.1(b) (2004). The reason for this error, according to Stewart, was that the State failed to produce substantial evidence that she received actual notice of the time and place to appear in court or that she received written notice of the time and place to appear. Specifically, Stewart claims that the State failed to prove by substantial evidence that Stewart received notice of the hearing after Stewart presented her own evidence that she had a reasonable excuse for failing to appear. She also contends that the circuit court only could have found her guilty by relying on an inferred fact premised on an inferred fact, which impermissibly leads to speculation and conjecture. Finally, she points out that the State failed to offer evidence of how long the United States Post Office takes to deliver a letter mailed in Little Rock to another address in Little Rock and that the State merely had the circuit court infer the time frame for such mailing and delivery.

When we grant a petition for review, this court reviews the case as if the appeal had originally been filed in this court. *See, e.g., Thompson v. State*, 342 Ark. 365, 28 S.W.3d 290 (2000).

A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are challenges to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1 (2004). When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *See Gamble v. State*, 351 Ark. 541, 95 S.W.3d 755 (2003). Only evidence supporting the verdict will be considered. *Id.*[2] The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Whether evidence is direct or circumstantial, it must meet the requirements of substantiality. *Id.* Substantial evidence is evidence forceful enough to compel the fact-finder to make a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Direct evidence is evidence that proves a fact without resorting to inference. *Id.* When circumstantial evidence alone is relied upon, it must exclude every other reasonable hypothesis than that of the guilt of the accused, or it does not amount to substantial evidence. *Id.*

---

[2] There was no verdict by a jury in this case because it was a bench trial, but the same reasoning applies for evidence supporting the judgment.

In the case at hand, Stewart was convicted of violating Arkansas Code Annotated § 5-54-120 (Repl. 1997), for failing to appear at her plea-and-arraignment hearing for the charges of second-degree domestic battering, which was a Class C felony, and obstruction of government operations. Since the failure to appear was in connection with a felony offense, the failure to appear was also a felony. Section 5-54-120 reads in part:

> (a) A person commits the offense of failure to appear if he fails to appear without reasonable excuse subsequent to having been:
>
> (1) Cited or summonsed as an accused; or
>
> (2) Lawfully set at liberty upon condition that he appear at a specified time, place, and court.
>
> (b) Failure to appear is a Class C felony if the required appearance was to answer a charge of felony or for disposition of any such charge either before or after a determination of guilt of the charge.

Ark. Code Ann. § 5-54-120(a), (b) (Repl. 1997).

At the bench trial, the State presented the testimony of the case coordinator that notice had been mailed. After the State rested its case, Stewart's counsel moved for a directed verdict, which we will treat as a motion to dismiss, as already discussed. Defense counsel's motion specifically was as follows:

> Your Honor, we move for a directed verdict. The State did not prove that under 5-54-120 that she failed to appear. When someone slightly so at liberty, that — upon condition that he failed to appear at a specified time and place in Court, I don't think that they showed that she received sufficient notice of the Court date.

The circuit court denied the motion. The defense then called Stewart, her father, and the bail bondsman as witnesses. There was testimony from Stewart that she received mail at the Welch Street address and paid bills received at that address, but she never received any notice from the case coordinator. After the defense rested its case, Stewart's counsel renewed her motion. The circuit court denied the renewed motion and convicted Stewart of failure to appear.

This court must first determine whether Stewart's rationale for the circuit court's error, which was argued on appeal, was preserved in circuit court. Reviewing the language of the

motion to dismiss, Stewart's counsel argued only that the State failed to prove that Stewart violated § 5-54-120(a)(2), because Stewart did not receive "sufficient notice of the Court date," when she was lawfully set at liberty. Counsel did not argue that the State failed to prove that Stewart was not properly cited or summoned as an accused, which would be a violation of § 5-54-120(a)(1). Thus, we will only consider whether the State failed to prove that Stewart violated § 5-54-120(a)(2). *See* Ark. R. Crim. P. 33.1(c) (2004) (motion for directed verdict or motion to dismiss must specify why the evidence is deficient); *Thompson v. State, supra* (quoting *In Re Rule 33.1*, 337 Ark. Appx. 621 (1999)) (defendant in both jury and bench trials must notify the circuit court of the particular reasons why the State's evidence is insufficient in order to preserve that issue for appeal).

Turning to the merits, to be convicted of failure to appear under § 5-54-120(a)(2), the State must prove by substantial evidence that Stewart (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, and (4) upon the condition that she appear at a specified time, place, and court. The fact that Stewart failed to appear after being set at liberty is not disputed. There is also no question that she was released after posting bond, which presupposes that she would be available for a later court date. What is disputed is whether she had a reasonable excuse for not appearing for plea and arraignment on March 31, 2003, due to lack of notice.

A judge is ordinarily authorized to release a person on bond contingent on the future appearance of that person in court on a specific date. In the instant case, Stewart had been released on bond, but the bond is not in the record, and we have no proof that appearance in court on a date certain was part of the release decision. Nor does the record contain the judge's first appearance order or any reference to the fact that the judge, in open court, set a future trial date. We do have the testimony of the case coordinator, but we have nothing before us to indicate that notice of a trial date sent by the case coordinator was a condition of release set by the judge.

There are two Arkansas cases that have some relevance to the issue before us, although both are speedy-trial cases. *See Glover v. State*, 287 Ark. 19, 695 S.W.2d 829 (1985); *Ballard v. State*, 75 Ark. App. 15, 53 S.W.3d 53 (2001). In *Glover*, the question was whether the State had good cause for the untimely delay in

bringing Glover to trial. The State maintained that it did not know of Glover's whereabouts and offered proof that a deputy sheriff had mailed him notice of the trial date. That letter had not been returned. Glover and his mother both testified that he never received the notice letter and that he was willing to go to trial. We emphasized in our opinion that the State had not proved the contents of the letter or whether the envelope had a return address. We held that there was no evidence that Glover was notified and, thus, that he had been denied his right to a speedy trial.

Similarly, in *Ballard*, the court of appeals considered whether a five-month period should be excluded for speedy-trial purposes, when Ballard failed to appear at his plea and arraignment and was considered unavailable for the next five months. The issue was whether he received notice of that hearing. The case coordinator testified as to office practice concerning how notice was mailed to defendants of their plea-and-arraignment date. However, there was no copy of the notice letter in Ballard's file. Ballard and his mother both testified that no notice had been received. The court of appeals held that there was no evidence of the notice and that, as a consequence, the five-month period should not be excluded. The case was dismissed, because Ballard's speedy-trial rights had been violated.

A decision cited by the State from the Iowa Court of Appeals approximates the facts in the instant case. *See State v. Williams*, 445 N.W.2d 408 (Iowa Ct. App. 1989). In *Williams*, the defendant failed to appear at his sentencing hearing, and the issue was whether the defendant's attorney had mailed the defendant the judge's order setting the hearing date. The attorney testified that it was his routine practice to do so and that he had a copy of the sentencing order with his secretary's initials and the date she mailed the sentencing order to the client. It was the secretary's routine practice to initial the copy and put the date of the mailing on the copy. The Iowa Court of Appeals held that this constituted sufficient evidence that the order was sent to the client.

A common thread in all three of these cases is the importance of documentary evidence, such as a copy of the notification, to prove the notice was actually sent. We do not have that evidence in the instant case. We do have the case coordinator's testimony that she mailed the letter but no copy of the letter. Nor does the record contain the bond, as already mentioned, to show that a particular court appearance was required or any verbal admonition by the court that Stewart be in court at a particular

time, place, and date. In sum, there is no proof in this case of why Stewart did not have a reasonable excuse for failure to appear other than the case coordinator's testimony. This, of course, was countered by Stewart's testimony and that of her father's to the opposite effect. We are of the belief that more must be offered in the way of documentary proof or a judge's order, either written or verbal, to subject a defendant to a felony conviction for failure to appear. Nevertheless, we want to make it clear that this court does not require by this decision that written notices of plea-and-arraignment hearings must be mailed in every instance. Nor do we intend to suggest that changing one's address from the address cited in the bail bond or to the court constitutes a reasonable excuse for failure to appear.

■ Though we hold that the court of appeals reached the right result in *Stewart v. State*, 89 Ark. App. 86, 200 S.W.3d 465 (2004), we disagree with that court's reasoning. We are of the opinion that Arkansas Rule of Criminal Procedure 6.3, which deals with criminal summonses and requires that such summonses be served by personal service or certified mail return receipt requested, is inapposite to this case and, hence, does not govern it. Moreover, defense counsel did not argue Rule 6.3 to the circuit court as part of her motion to dismiss.

■ We further disagree with the State that the mailbox rule governs this case. The mailbox rule provides that a letter placed in the mailbox or post office creates a presumption that it was received. *See Hagner v. United States*, 285 U.S. 427 (1932). First, the mailbox rule was not advanced as an argument to the circuit court by the prosecutor. Secondly, it cannot be an alternative reason to affirm, as the State proposes, because the rule merely raises a presumption. Since it was not raised in the circuit court, Stewart has not had an opportunity to rebut any such presumption. *See, e.g., Hanlin v. State*, 356 Ark. 516, 157 S.W.3d 181 (2004) (this court will not consider an argument about a second sexual offense on appeal if it was not raised before the circuit court, as the defendant had no opportunity to address it or raise any defense to it).

We reverse the judgment and disposition order and dismiss this case.

Reversed and dismissed.