Benjamin EAGLE *v.* STATE of Arkansas

CA CR 04-1314                                        213 S.W.3d 661

Court of Appeals of Arkansas
Opinion delivered September 21, 2005

[Rehearing denied October 26, 2005.]

*William R. Simpson Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Arkansas Attorney General, by: *Clayton K. Hodges*, Assistant Attorney General, for appellee.

SAM BIRD, Judge. Benjamin L. Eagle was tried for first-degree forgery in Pulaski County Circuit Court, Fifth Division, and was convicted of second-degree forgery. He raises six points on appeal from the conviction, contending that the trial court erred (1) in declining to direct a verdict because the State failed to prove his identity; (2) in imposing liability on second-degree forgery because it is not a lesser-included offense of first-degree forgery; (3) in failing to provide an impartial tribunal for trial; (4) in allowing admission of another allegedly forged document under Ark. R. Evid. 404(b); (5) in imposing an illegal sentence of $23,000 restitution; and (6) in imposing an illegal sentence of 120 days in jail "purgeable" by paying $1,400 restitution. Because we agree that error was committed regarding the second point, the conviction is reversed.

A felony information of August 25, 2003, charged Eagle with the crime of "violating Ark. Code Ann. 5-37-201 FORG-ERY IN THE FIRST DEGREE," which the State alleged was committed in the following manner:

> The said defendant(s), in Pulaski County, on or about April 17, 2001, unlawfully, feloniously, and with the purpose to defraud, did draw, make, complete, alter, possess, or utter a written instrument issued by a government, to-wit: RELEASE OF JUDGMENT, purporting to be, or is calculated to become, or to represent if

completed the act of LOWE'S COMPANIES INC, who did not authorize that act, against the peace and dignity of the State of Arkansas.

First-degree and second-degree forgery are statutorily defined at Ark. Code Ann. § 5-37-201 (Repl. 1997):

(a) A person forges a written instrument if with purpose to defraud he draws, makes, completes, alters, counterfeits, possesses, or utters any written instrument that purports to be or is calculated to become or to represent if completed the act of a person who did not authorize that act.

(b) A person commits forgery in the first degree if he forges a written instrument that is:

(1) Money, a security, a postage or revenue stamp, or other instrument issued by a government; or

(2) A stock, bond, or similar instrument representing an interest in property or a claim against a corporation or its property;

(c) A person commits forgery in the second degree if he forges a written instrument that is:

(1) A deed, will, codicil, contract, assignment, check, commercial instrument, credit card, or other written instrument that does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status;

(2) A public record, or an instrument filed or required by law to be filed, or one legally entitled to be filed in a public office or with a public servant; or

(3) A written instrument officially issued or created by a public office, public servant, or government agent.

Eagle was tried before the bench on July 19, 2004.[1] He made a motion to dismiss at the conclusion of the State's case, which was denied. He offered no evidence in his defense.

---

[1] At the beginning of the trial, Eagle's attorney declined to adopt a pro se motion to dismiss that was file-marked March 2, 2004, in the circuit court. Setting forth the statutory elements of first-degree and second-degree forgery, the motion noted that first-degree is a

At a bench trial, a motion to dismiss is a challenge to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1 (2004). When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *See Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005). Only evidence supporting the verdict will be considered. *Id*. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence forceful enough to compel the fact-finder to make a conclusion one way or the other without resorting to speculation or conjecture. *Id*.

Eagle's first two points on appeal arise from his motion for a directed verdict.

### 1. *Whether the trial court erred in declining to direct a verdict on the basis that the State failed to prove Eagle's identity*

Eagle argued in his motion to dismiss that there was no proof that he was the person who filed the forged document at issue, no proof that he saw the document before possessing it, and no proof of intent to defraud. On appeal he again asserts that the State did not present substantial evidence of his identity as the forger. He argues that although witnesses saw him in the circuit clerk's office and there was an unauthorized signature on the filing, no forensic evidence connected him to the forged release of judgment and no witness testified as to personal knowledge of who prepared and filed it. We do not agree.

The evidence viewed in the light most favorable to the State shows that attorney Richard Peel filed a civil complaint against Eagle on behalf of Lowe's, alleging default of a payment for approximately $23,000 worth of building materials. In a subsequent consent judgment filed in the Pulaski County Circuit Court Clerk's office, Eagle agreed to pay $23,000 and was given additional time to do so. Eagle came into the clerk's office seeking certified copies of a satisfaction of judgment that had been filed in the case. The attorney's signature on the release of judgment was described by Sherry Bruno, supervisor of the clerk's office, as not

---

Class B felony while second-degree is a Class C felony. The motion asserted, "Defendant charged herein does not know from which statute to frame his defense against the awesome charges of the state."

being an original signature. The signature was described as "fishy" by Arlene Ladd, an employee of a local title company to whom Eagle had presented a certified copy of the release when he was trying to buy some land.

█ The trial court, sitting as fact-finder, had before it Peel's testimony that he had not signed the release of judgment that contained his purported signature and that was filed in the circuit clerk's office. Also before the trial court was Peel's testimony that Eagle, rather than denying to Peel the act of forgery, expressed a desire to "make it right" and an understanding of Peel's being upset about the forged signature. This could have been viewed by the fact-finder as an acquiescence in Peel's statement that Eagle had forged Peel's name. *See Gatlin v. State*, 320 Ark. 120, 124, 895 S.W.2d 526, 529 (1995) (defining an adoptive admission as one where a fact-finder can reasonably infer that the party-opponent heard and understood the statement, and that, under the circumstances, the statement was such that the party-opponent would normally have responded if he did not believe the statement to be true). A person's admission to committing an offense, accompanied with other proof that the offense was committed, constitutes substantial proof of guilt. *E.g., Tinsley v. State*, 338 Ark. 342, 344, 993 S.W.2d 898, 899 (1999). Thus, there is no merit to Eagle's argument that no substantial evidence supports his identity as the forger.

2. *Whether the trial court erred in finding Eagle guilty of second-degree forgery when it is not a lesser-included offense of first-degree forgery*

The following exchange took place during Eagle's motion to dismiss:

> DEFENSE COUNSEL: Also, Mr. Eagle is charged with forgery in the first degree. Forgery in the first degree, statute 5-37-201, the forgery statute says, B, a person commits forgery in the first degree if he forges a written instrument that is: Money, a security, a postage or revenue stamp, or any other instrument issued by a government; or a stock, bond, or similar other instrument representing an interest in property or a claim against a corporation or its property. And the document in question is neither one of these, Your Honor. So I would ask that he be found — or I don't believe the State has made their prima facie case.

DEPUTY PROSECUTING ATTORNEY: The first point, it is a release of judgment in a case where the defendant, in the civil case, approximately $23,000 and this release of judgment says it has been settled for the sum of $2,000, difference there of 21,000 dollars. I think that shows he was possessed with the intent to defraud. As far as the second argument goes, this is a document that was filed for the court of law. Obviously the court is part of the government. And if you do not think it rises to the level of forgery in the first degree, Your Honor, part of 5-37-201, under C, ... creates a document that transfers, terminates or otherwise affects the legal interests. Forgery in the second degree, we could do that if you so chose.

DEFENSE COUNSEL: I don't believe the State can amend their felony information after they have rested their case.

DEPUTY PROSECUTING ATTORNEY: I have not amended the information. I am just — forgery in the second is not a lesser-included offense of forgery in the first, Your Honor.

THE COURT: Okay. I will deny the motion for a directed verdict.

The court then found Eagle guilty of second-degree forgery.

In Eagle's second point on appeal, he contends that the trial court erred in imposing liability for second-degree forgery because it is not a lesser-included offense of first-degree forgery. He argues that, because the offense was not charged in the charging instrument and it is not a lesser-included offense of first-degree forgery, the trial court erroneously found him guilty of second-degree forgery. His argument is well-taken.

█ The determination of whether an offense is included in another offense depends on whether it meets one of the three tests set out in Ark. Code Ann. § 5-1-110(b)(Repl. 1997). *Owens v. State*, 354 Ark. 644, 662, 128 S.W.3d 445, 456 (2003). That subsection provides:

(b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

Ark. Code Ann. § 5-1-110(b). The second of these three tests is not at issue in the present case because there was no evidence of an attempt to commit first-degree forgery or another offense otherwise included within it. Our analysis therefore focuses on the first and third tests of this subsection.

The test of Ark. Code Ann. § 5-1-110(b)(1) requires that the lesser charge be established by proof of the same or less than all the elements required to establish the commission of the offense charged. *Owens*, 354 Ark. at 663, 128 S.W.3d at 457. In other words, an offense is included in another offense if the statutory definition of the greater offense encompasses all of the statutorily defined elements of the lesser offense, or if it is not possible to commit the greater offense without committing the lesser one. *Id.*

The offenses of first-degree and second-degree forgery are differentiated by the types of documents listed in Ark. Code Ann. § 5-37-201(b) and (c). The greater offense, first-degree forgery, requires proof that a person forges money, a security, a postage or revenue stamp, or other instrument issued by a government; or a stock, bond, or similar instrument representing an interest in property or a claim against a corporation or its property. Ark. Code Ann. § 5-37-201(b). The lesser offense, second-degree forgery, requires proof that a person forges an instrument that is a deed, will, codicil, contract, assignment, check, commercial instrument, credit card, or other written instrument that does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status; a public record, or an instrument filed or required by law to be filed, or one legally entitled to be filed in a public office or with a public servant; or a written instrument officially issued or created by a public office, public servant, or government agent. Ark. Code Ann. § 5-37-201(c). The lists of

documents are exclusive of one another, and none of those listed in second-degree forgery are included in the list for first-degree forgery: the greater offense clearly does not encompass all statutorily defined elements of the lesser charge. Thus, the first test of the three tests set out in Ark. Code Ann. § 5-1-110(b) is not met.

The State argues that, under the third test of section 5-1-110(b), second-degree forgery is a lesser-included offense of first-degree forgery because the lesser offense differs from the greater one "only in the respect that a less serious injury or risk of injury to the [. . .] public interest . . . suffices to establish its commission." Both parties point to the Official Commentary to Ark. Code Ann. § 5-37-201:

> Subsection (b), defining forgery in the first degree, singles out for special treatment the forgery of easily negotiated instruments typically drawn on issues with impeccable financial institutions. Because such instruments are readily accepted at face value, their forgery is more difficult and usually requires careful planning and sophisticated equipment. Prior law also imposed stronger sanctions for forging instruments of this type.

> Subsection (c) defines forgery in the second degree and is concerned with forgery of deeds, wills, contracts, commercial instruments, credit cards, and documents purporting to be filable with or issued from a public office.

The State further argues that the forgery of documents described in the second-degree forgery statute, typically affecting one or a limited number of persons, carries less widespread risk to the public than the documents listed in the definition of first-degree forgery, which carry the potential of defrauding a large number of persons or interests.

We need not decide whether forgery of a document constituting second-degree forgery carries less widespread risk to the public than does forgery of documents listed in first-degree forgery. Under the third test of Ark. Code Ann. § 5-1-110(b), a lesser charge is not included in the greater offense when the lesser offense "does not differ from the offense charged *only* in the respect that it requires a less serious injury or risk of injury or a lesser kind of culpable mental state." *Owens*, 354 Ark. at 664, 128 S.W.3d at 458. As previously discussed in this opinion, second-degree forgery requires proof of documents different from those for first-degree forgery. Consequently, they are two separate

crimes. Because second-degree forgery does not differ from first-degree forgery *only* in the respect that it requires a less serious injury or a lesser kind of culpable mental state, the third test for determination of whether the lesser offense is included in the greater offense has not been met.

## *Conclusion*

None of the three tests set out in Ark. Code Ann. § 5-1-110(b) have been met. Thus, second-degree forgery is not a lesser-included offense of first-degree forgery. The trial court erred in finding Eagle guilty of second-degree forgery because it is not a lesser-included offense of the greater offense set forth in the charging instrument and under which trial proceeded.

The evidence presented by the State obviously showed a form of forgery in some degree, but the document at issue was not one listed in Ark. Code Ann. § 5-37-201(b) (Repl. 1997) as a element of first-degree forgery. Eagle could have been charged with second-degree forgery under subsection (c) for forging a written instrument of the nature described in that subsection.

The prosecutor elected to charge Eagle with first-degree forgery under subsection (b) of the statute. This was wrong, and requires our reversal. *See Parker v. State,* 292 Ark. 421, 731 S.W.2d 756 (1987) (reversing a capital-murder conviction because the State charged and tried the defendant under the wrong capital-murder provision). Because we reverse the conviction for second-degree forgery, we need not address the remaining points on appeal.

Reversed.

HART and CRABTREE, JJ., agree.