John Henry WILLIAMS *v.* STATE of Arkansas

CR 90-39                                      794 S.W.2d 618

Supreme Court of Arkansas
Opinion delivered September 10, 1990

*William R. Simpson, Jr.*, Public Defender, *Thomas B. Devine III*, Deputy Public Defender, and *Didi H. Sallings*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender; and *Omar F. Greene II*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, John Henry Williams, was convicted of capital felony murder of two persons and battery in the second degree of a third person. In a bifurcated trial, Williams was sentenced to life imprisonment without parole for the murders and to a term of six years for the battery offense. The trial court ordered the sentences to run consecutively.

Williams' sole argument on appeal is that his capital murder conviction should be reversed and remanded because the jury's sentencing phase findings were inconsistent with its guilty verdict.

During the guilt phase of Williams' trial, the jury received instructions concerning the offense of capital felony murder as well as the lesser offenses of murder in the second degree and manslaughter. The jury was also instructed as to the affirmative defense of mental disease or defect since Williams claimed he was not guilty of the homicides by reason of his mental disabilities.

Thereafter, Williams was found guilty of capital felony murder which necessitated a finding of premeditation in accordance with Ark. Code Ann. § 5-10-101(a)(3) (1987). At the penalty phase of the trial, acting pursuant to instructions regarding mitigating circumstances, some of the jury found that the murders were probably committed while the appellant was under extreme mental or emotional disturbance.

■ Williams argues that this finding during the penalty phase of his trial is inconsistent with the jury's verdict of premeditated capital murder since one acting under extreme mental or emotional disturbance cannot act with the specific intent of premeditation and deliberation; however, he failed to raise this point during trial. Our perusal of the record reflects a total absence of any objections after the jury's findings and sentencing were read by the court. We do not consider issues of this nature which are raised for the first time on appeal. *Smart* v. *State*, 297 Ark. 324, 761 S.W.2d 915 (1988). Additionally, a defendant who makes no objection at the time sentence is imposed has no standing to complain. *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980).

In accordance with Ark. R. Crim. P. 11(f), we have further reviewed the record for objections decided adversely to the appellant and have found no reversible error.

Affirmed.