Richard BROWN *v.* STATE of Arkansas

CR 08-127                                   287 S.W.3d 587

Supreme Court of Arkansas
Opinion delivered September 25, 2008

*David O. Bowden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice. Appellant Richard Brown appeals his conviction for first-degree murder and his sentence of life imprisonment plus an additional five years for the use of a firearm. He asserts two points on appeal: (1) that the circuit court erred in denying his directed-verdict motion because the evidence was insufficient to prove the requisite intent to sustain the conviction; and (2) that the sentence imposed by the jury is unconstitutionally disproportionate to the facts established at trial. We affirm Brown's convictions and sentence.

The record reveals the following facts. On April 18, 2006, in Shannon Hills, Arkansas, Cody Brown, Brown's son, had been working with Raymond Lowe Jr., the victim in this case, to repair a truck belonging to Michael Franks, a friend of the Brown family. Cody Brown and Lowe went together to retrieve Franks's keys for his truck. At the time, Franks was at the Browns' home. As they pulled into the driveway, Cody Brown saw his father walking toward their house. Lowe approached Franks, who was sitting outside in a chair, to get his keys. Cody Brown did not see any initial confrontation between Lowe and Franks and began to listen

to the radio while he waited on Lowe to return to the vehicle. Franks testified that, indeed, there had not been a confrontation between himself and Lowe. Franks did testify that Lowe had been "razzing" him to get the keys, but Franks would not turn over the keys. According to Franks, Lowe pushed him out of his chair a few times, but that it was a form of giving him a hard time and Franks was not afraid of Lowe, nor did he believe it was escalating into a fight. Shortly thereafter, Cody Brown and Franks heard gunfire. Cody Brown then saw Lowe lying on the ground and his father standing on the porch with his shotgun.

Brown was tried for Lowe's murder on August 28, 2007, and found guilty by a jury of first-degree murder. He was sentenced to life imprisonment plus an additional five years for the use of a firearm. Brown filed a timely notice of appeal on September 14, 2007. Neither of Brown's arguments on appeal were preserved for our review and, therefore, we affirm.

Arkansas Code Annotated section 5-10-102 states in pertinent part that:

(a) A person commits murder in the first degree if:

(1) Acting alone or with one (1) or more other persons:

(A) The person commits or attempts to commit a felony; and

(B) In the course of and in the furtherance of the felony or in immediate flight from the felony, the person or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life;

(2) With a purpose of causing the death of another person, the person causes the death of another person; or

(3) The person knowingly causes the death of a person fourteen (14) years of age or younger at the time the murder was committed.

Ark. Code Ann. § 5-10-102(a) (Repl. 2006).

Brown first argues that there was insufficient evidence introduced by the State at trial to prove the requisite intent to sustain a conviction of first-degree murder. The requisite intent for first-degree murder is purposefully. *See id.* § 5-10-102(a)(2).

However, we decline to reach this issue of sufficiency of the evidence because it is not preserved for our review. A challenge to the sufficiency of the evidence is preserved by making a specific motion for directed verdict at both the conclusion of the State's case and at the conclusion of all of the evidence. *See* Ark. R. Crim. P. 33.1 (2007); *Maxwell v. State*, 373 Ark. 553, 285 S.W.3d 195 (2008). Rule 33.1 provides, in pertinent part:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
>
> . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R. Crim. P. 33.1(a), (c) (2007).

The rationale behind this rule is that "when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof." *Pinell v. State*, 364 Ark. 353, 357, 219 S.W.3d 168, 171 (2005). Without a ruling from the circuit court on a specific motion, there is nothing for this court to review. *See Ashley v. State*, 358 Ark. 414, 191 S.W.3d 520 (2004).

In the instant case, counsel for Brown failed to make a specific motion regarding lack of evidence to prove the requisite intent. His motion asserted only that "no evidence [was] adduced

that [Brown] could have retreated from the situation" and that the evidence did not provide proof beyond a reasonable doubt as to where Brown fired the shot from. No argument was presented to illustrate a lack of evidence as to Brown's purposeful intent. Accordingly, his sufficiency argument is not preserved for our review.

We are mindful of the fact that Brown was sentenced to life imprisonment and that this court is required to review all motions made for potential reversible error under Arkansas Supreme Court Rule 4-3(h). Nevertheless, this court has held in the past that failure to make the motions for directed verdict with specificity regarding the sufficiency issue on appeal equates to the motion never having been made. *See Maxwell, supra* (citing *Tillman v. State*, 364 Ark. 143, 217 S.W.3d 773 (2005); *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997)). Rule 4-3(h), as a result, does not mandate review of the point regarding requisite intent when the directed-verdict motion was not properly made. *See Tillman*, 364 Ark. at 147, 217 S.W.3d at 775.

Brown's second argument on appeal is that his sentence is disproportionate to the facts established at trial and, therefore, violates the Arkansas Constitution's prohibition against the infliction of cruel and unusual punishment. However, this argument is also not preserved for our review. Brown failed to present an objection to his sentence to the circuit court. A defendant who makes no objection at the time the sentence is imposed has no standing to complain of it. *See Ladwig v. State*, 328 Ark. 241, 943 S.W.2d 571 (1997); *Williams v. State*, 303 Ark. 193, 794 S.W.2d 618 (1990); *McGee v. State*, 271 Ark. 611, 609 S.W.2d 73 (1980). Even constitutional arguments will not be addressed when raised for the first time on appeal. *See Young v. State*, 370 Ark. 147, 257 S.W.3d 870 (2007). Therefore, we decline to address this point and affirm.

Pursuant to Arkansas Supreme Court Rule 4-3(h), a review of the record has been made for reversible error, and none has been found.

Affirmed.

GLAZE, J., not participating.