

# SUPREME COURT OF ARKANSAS

No. CR-14-412

| | | |
|---|---|---|
| RICHARD MORROW | | **Opinion Delivered** December 11, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. CR-2013-161] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN DAN KEMP, JUDGE |
| | | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

On October 15, 2012, appellant, Richard Morrow, entered a negotiated plea of guilty to second-degree sexual assault in the Sharp County Circuit Court, with an offense date of February 5, 2012. Morrow was sentenced to ten years' probation and subject to the sex-offender-registration requirements in Ark. Code Ann. § 12-12-901 et seq. (Supp. 2013). On August 12, 2013, the State filed a felony information in the Independence County Circuit Court against Morrow alleging that Morrow had committed a Class C felony for failure to comply with registration and reporting requirements as required by Ark. Code Ann. § 12-12-904.

During Morrow's November 22, 2013 bench trial, the following facts regarding the felony information were elicited. Lieutenant Michael Mundy with the Independence County Sheriff's Department testified that he supervises all registered sex offenders in Independence

County. These individuals are required to register at the sheriff's office with Mundy or his secretary. Mundy further testified that all of the files are electronic and maintained through two databases. He further testified that the registrants confirm the accuracy, similar to an electronic credit-card-signature form, and confirmation of the information provided; i.e, phone, address, work place, email, and then sign the forms. Mundy testified that in the summer of 2013, Morrow came to the sheriff's office and met with the secretary who normally handles the registrations and changed his address to 3545 Dennis Circle. Mundy testified that he contacted Morrow's parole officer, Christa Houston, to see what address she had for Morrow. In addition, Mundy testified that the 3545 Dennis Circle address Morrow provided was not an address he was able to locate in Independence County.

Houston, a parole officer with the Arkansas Department of Community Correction in Independence County, testified that she began supervising Morrow's probation when Morrow moved to Independence County in February 2013. Prior to that, Morrow resided in Sharp County, and from October 2012 to early February 2013 his probation was supervised in Sharp County. Houston testified that since Morrow was placed on probation in October 2012, he had eight address changes. She testified that five of those address changes had occurred during her supervision. Houston testified that all files are kept and monitored electronically. Houston further testified that she ensures all registrants have registered with the sheriff's office, that the addresses with both probation and the sheriff's offices are the same, and that the addresses are accurate.

With regard to the alleged violation, Houston testified that on July 29, 2013, Morrow

was released from jail for a misdemeanor theft-of-property charge but failed to report to her upon release, which he was required to do. Houston testified that on August 6, 2013, Morrow reported to her that his address was 3545 Dennis Circle. Houston testified that she could not find the 3545 Dennis Circle address and checked on a similar address at 3545 Dennie Circle, where the resident confirmed that Morrow had spent the night there the previous evening but did not reside there. Houston further testified that on August 7, 2013, Morrow reported to her again and Morrow was arrested on that day for a probation violation and was placed on a three-day probation hold. On August 13, 2013, Morrow was arrested on an outstanding warrant for the failure to report and comply with the sex-offender statutory-registration requirements.

At the close of the evidence, Morrow moved to dismiss the charges. The circuit court requested briefs from the parties. On December 12, 2013, after the parties filed their respective briefs, in a written letter order, the circuit court denied Morrow's motion to dismiss and found Morrow guilty of the offense of failure to comply with the registration and reporting requirements of Ark. Code Ann. § 12-12-904. On December 16, 2013, Morrow filed a motion for reconsideration. The state responded, and Morrow replied. On January 15, 2014, the circuit court conducted a hearing on the motion for reconsideration and denied the motion, found Morrow guilty of violating of Ark. Code Ann. § 12-12-904, and sentenced Morrow to four years' probation and 180 days in the county jail.

From that order, Morrow appealed to the court of appeals, and on October 23, 2014, Morrow filed a motion to transfer his appeal to this court. On October 30, 2014, we granted

Morrow's motion.  On appeal, Morrow presents two points: (1) the circuit court erred in denying Morrow's motion to dismiss because the State failed to prove any culpable-mental-state element of the offense, and *Adkins v. State*, 371 Ark. 159 (2007) should be overruled because there is no clear legislative intent to do away with any culpable-mental-state requirement in the sex-offender-registration requirements, and (2) the circuit court erred in denying Morrow's motion to dismiss because the State failed to introduce any evidence of what address Morrow had registered with the local law enforcement agency responsible for monitoring sex-offender registration.

*Standard of Review*

"A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are challenges to the sufficiency of the evidence.  When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State." *Stewart v. State*, 362 Ark. 400, 403, 208 S.W.3d 768, 770 (2005) (internal citations omitted).  "In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial.  Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture.  This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered." *Thornton v. State*, 2014 Ark. 157, at 4–5, 433 S.W.3d 216, 219 (internal citations omitted).

*Points on Appeal*

For his first point on appeal, Morrow asserts two separate but related issues.  First,

Morrow contends that *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523, should be overruled because there is no clear legislative intent to do away with any culpable-mental-state requirement in the sex-offender-registration requirements.[1]

Morrow asserts the circuit court erred in denying his motion to dismiss and that we should overturn *Adkins* because there is no clear legislative intent to do away with any mental-state requirement in the sex-offender-registration statutes. Further, citing to *Lambert v. California*, 355 U.S. 225 (1957), Morrow contends that *Adkins* violates due-process requirements because our interpretation in *Adkins* disposed of the necessary due-process

---

[1]With regard to registering a residence, Ark. Code Ann. § 12-12-903 defines "residency" as follows:

(10)(A) "Residency" means the place where a person lives notwithstanding that there may be an intent to move or return at some future date to another place.

(B) "Residency" also includes:

(i) A place of employment;

(ii) A place of training;

(iii) A place of education; or

(iv) A temporary residence or domicile in which a person resides for an aggregate of five (5) or more consecutive days during a calendar year[.]

Ark. Code Ann. §12-12-903 defines "Change of address"as follows:

(4) "Change of address" or other words of similar import mean a change of residence or a change for more than thirty (30) days of temporary domicile, change of location of employment, education or training, or any other change that alters where a sex offender regularly spends a substantial amount of time[.]

SLIP OPINION



requirement that the State prove that the offender had knowledge of the duty to register but

also that the offender knowingly failed to comply with those registration requirements.

At issue is the circuit court's December 12, 2013 order finding that,

> The Arkansas Supreme Court in the case of *Adkins v. State*, 371 Ark. 159 (2007), performed an analysis of the entire statutory scheme of the Arkansas sex offender registration law and concluded that it is clear that "failure to register is a strict liability offense." The Defendant Morrow as . . . [a] basis for his motion to dismiss asks this Court to overrule the *Adkins* case and require a culpable mental state for this offense. This Court declined this request to overrule the *Adkins* case and denied the Defendant's motion to dismiss.
>
> . . . .
> The Court finds the Defendant Morrow guilty beyond a reasonable doubt of the offense of failure to comply with registration and reporting requirements, a class "C" felony in violation of Ark. Code Ann. 12-12-904.

In *Adkins*, we examined the Sex Offender Registration Act and the mental culpability

required by the statute. In holding that the Act was one of strict liability and a violation of

the Act did not require a mental–culpability level, we explained,

> [T]he Sex Offender Registration Act is not a part of the Arkansas Criminal Code; rather, it is located in Title 12 of the Code, which deals with "Law Enforcement, Emergency Management, and Military Affairs." Thus, under § 5–2–204(c)(2), a culpable mental state is not required if the offense "clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any element of the offense."
> . . . .
>
> The Act certainly indicates a legislative intent to place the burden of knowing the gravity of the situation, as well as the mandatory nature of the registration scheme, on the sex offender. . . . [A]lthough the General Assembly did not specifically spell out an intention to dispense with a scienter requirement, it is obvious that the registration requirements are mandatory, and that failure to comply with those duties is a strict liability offense.
>
> . . . . .

SLIP OPINION

Moreover, in *Kellar v. Fayetteville Police Department*, 339 Ark. 274, 5 S.W.3d 402 (1999), this court stated that "no scienter is indicated in Arkansas's Act, and we conclude the offender's failure to register alone is sufficient to trigger the Act's provisions." *Kellar*, 339 Ark. at 285, 5 S.W.3d at 409.

. . .

Combining these statements from *Kellar* with an analysis of the entire statutory scheme, we conclude that it is clear that failure to register is a strict liability offense. Because the State proved that Adkins was required to register but failed to do so, and because it was not required to prove that he failed to do so with any particular culpable mental state, the trial court did not err in denying Adkins's motion for directed verdict.

*Adkins*, 371 Ark. 159, 162-65, 264 S.W.3d at 525-27.

Here, Morrow asserts that our interpretation in *Adkins* was erroneous and Ark. Code Ann. § 5-2-203(a) (Repl. 2013)[2] requires that the State to prove that Morrow had both knowledge of the duty to register and the other elements of the offense. We do not find merit in Morrow's argument. First, the record demonstrates that Morrow did have knowledge that he was required to register as a sex offender and provide a new address if his registered address changed. Second, we are unpersuaded by the arguments Morrow presents regarding overruling *Adkins*. The statute at issue, Ark. Code Ann. § 12-12-904, "Failure to comply with registration and reporting requirements – Refusal to cooperate with assessment process," is codified in Title 12, "Law Enforcement, Emergency Management, and Military Affairs," Chapter 12, "Crime Reporting and Investigations" and remains as it was in 2007, not part of the criminal code. The statute is substantially the same as in 2007 when *Adkins*

---

[2](a) If a statute defining an offense prescribes a culpable mental state and does not clearly indicate that the culpable mental state applies to less than all of the elements of the offense, the prescribed culpable mental state applies to each element of the offense.

was decided, and the General Assembly has elected to not change the law.[3]  We note that, although some subsections of these statutes have been slightly amended and rearranged, there have been no substantive changes to the statutes since *Adkins* was decided.  Specifically, the General Assembly has not added a requisite culpable mental state.  The General Assembly is presumed to be familiar with this court's interpretations of its statutes, and if it disagrees with those interpretations, it can amend the statutes.  *Corn v. Farmers Ins. Co.*, 2013 Ark. 444, 430 S.W.3d 655.  Without such amendments, however, our interpretations of the statutes remain the law.  *Id.*; *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723.

Further, with regard to Morrow's assertion that the circuit court erred in denying his motion to dismiss because the State did not prove the requisite mental culpability, this argument is without merit.  As discussed above in *Adkins*, we held that the statute is one of strict liability and no mens rea is required.  Here, without objection, Mundy and Houston both testified regarding the address Morrow provided.  Both also testified that they were unable to locate such an address.  Further, even if Morrow had provided 3545 Dennie Circle as his residence, as opposed to 3545 Dennis Circle, the record demonstrates that neither address was Morrow's residence.  A violation of Ark. Code Ann. § 12-12-904 is a strict-liability offense based on our holding in *Adkins*; therefore, this argument is without merit.

---

[3]One subsection, (a)(1)(A)(iv), was added in 2013:

(a)(1)(A) A person is guilty of a Class C felony who:

(iv) Files false paperwork or documentation regarding verification, change of information, or petitions to be removed from the registry.

Accordingly, based on the record before us, there is substantial evidence to support the circuit court's decision, and we affirm the circuit court's denial of Morrow's motion to dismiss and decline Morrow's invitation to overrule *Adkins*.

For his second point on appeal, Morrow asserts that the circuit court erred in denying his motion to dismiss because the State failed to introduce any evidence of what address Morrow had registered with the local law enforcement agency responsible for monitoring sex-offender registration. In denying his motion to dismiss, the circuit court held,

> The Defendant at the close of all the evidence moved to dismiss because the State failed to prove what address Defendant Morrow gave when he updated his sex offender registration. This motion will be denied because Detective Mundy testified that the change of address is made to him or Beth McCollum and that Mr. Morrow had given the address of 3545 Dennis Circle, the same address that Mr. Morrow's probation officer testified that Mr. Morrow had given her. The State has proved beyond a reasonable doubt that Mr. Morrow gave the address of 3545 Dennis Circle when he updated his sex offender registration.

Here, Morrow asserts that the circuit court erred in denying his motion to dismiss because the State did not

> introduce any competent evidence of what address . . . Morrow changed his address . . . with the Independence County Sheriff's Office on August 6, 2013. . . The State failed to call any witness that met with . . . Morrow on August 6, 2013, nor did the state introduce any documentary evidence of what address . . . Morrow changed his address to on August 6, 2013. Without such evidence this Court must resort to speculation and conjecture as to what address . . . Morrow registered with the sheriff's office.

Stated differently, Morrow contends that the circuit court erred because there was no specific evidence regarding the address that Morrow himself provided.

The record demonstrates that Mundy testified that he monitors registered sex offenders through two electronic databases, one is a local system and the other a state system,

9

as well as a paper copy that is maintained "to keep track of when they're due to check in." Mundy further testified that Morrow reported a change of address to his office through his secretary and that it was lodged in the database. Once Morrow reported his address in the database, Mundy testified that he could not locate the 3545 Dennis Circle address. Mundy further testified that upon reporting, Morrow was asked to sign the electronic registration confirming the accuracy of the information, and Morrow did so. Mundy further testified that he contacted Morrow's parole officer, Houston, and confirmed that Houston had the same address in her records. Additionally, Houston testified that Morrow provided the 3545 Dennis Circle address but that address did not exist. As a result, she made the home visit to a similar address on Dennie Circle and determined that Morrow was not residing at the Dennie Circle address. We note that while the circuit court ruled that Mundy could not testify as to what Morrow had reported to his secretary, without objection, Mundy and Houston both testified that Morrow provided the 3545 Dennis Circle address as his residence.

Accordingly, based on the evidence discussed above and the record before this court, there is substantial evidence to support the circuit court's denial of Morrow's motion to dismiss and that there was substantial evidence to support that Morrow had provided the address to law enforcement.

Affirmed.

*Thomas Kendrick*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.