SLIP OPINION

Cite as 2015 Ark. 35

# SUPREME COURT OF ARKANSAS

No. CR-14-334

| | |
|---|---|
| TERRY ALLEN DOWDY<br>APPELLANT | Opinion Delivered February 5, 2015 |
| V. | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. CR 2012-365] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | AFFIRMED IN PART; DISMISSED IN PART. |

**KAREN R. BAKER, Associate Justice**

A Greene County Circuit Court jury convicted Appellant Terry Allen Dowdy of two counts of rape, three counts of sexual abuse in the second degree, and three counts of sexual indecency with a child. Dowdy was sentenced to life imprisonment for each of the rape convictions, twenty years' imprisonment for each of the sexual-assault convictions, and six years' imprisonment for each of the sexual-indecency-with-a-child convictions, all running consecutively. On appeal, Dowdy contends that the circuit court erred by allowing the jury to hear evidence of prior bad acts, allowing Lea Ann Vanaman to testify, and by denying his directed-verdict motions. Our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1–2(a)(2), as this is a criminal appeal in which a sentence of life imprisonment was imposed. We affirm in part, and dismiss in part.

I. *Factual and Procedural History*

At trial, Dowdy's granddaughter, E.D., testified that for several years she would visit

Dowdy on the weekends. She testified that Dowdy would "stick his fingers like down my pants, or he would rub my pants on the outside of my clothes." E.D. testified that Dowdy stuck his fingers inside her vagina more than three times. E.D. testified that the incidents occurred in 2010 and 2011. Specifically, E.D. testified that the last time Dowdy touched her inappropriately was in April 2011. E.D. testified that she told her parents about the abuse sometime during September 2011, when they began questioning her about cutting herself on her arms. E.D. testified that she told her parents she was cutting herself because Dowdy was molesting her. She further testified that she turned thirteen years old in 2011. E.D. also testified that sometimes when she would walk into the kitchen, Dowdy would be masturbating and "would just look at me." She testified that this happened more than once.

In addition to E.D.'s testimony, the State presented testimony from several witnesses under Arkansas Rule of Evidence 404(b). M.M. testified that Dowdy is her mother's brother. She testified that in 1977 or 1978, when she was seven or eight years old, Dowdy masturbated in front of her and her sister. M.M. testified that Dowdy was about twelve years old when this occurred. She further testified that when she was ten or eleven years old, Dowdy would put his penis between her legs and "do his business" and fondle her breasts until he ejaculated. L.W., M.M.'s sister, also testified. L.W. testified that when she was eight years old, Dowdy, forced her to perform oral sex on him. She testified that when she was twelve years old, Dowdy would "spoon" up against her and "mimic sex" until he "masturbated."

In addition to M.M. and L.W., the State elicited testimony from J.W. J.W. testified that she previously dated Dowdy's son, J.D. She testified that in 2002, when she was sixteen

years old, she lived with Dowdy and his wife, Sandy. J.W. testified that while she was living there her boyfriend told her that Dowdy wanted to have sex with her, but she objected. J.W. testified that her clothes were taken off and Dowdy performed oral sex on her and had sexual intercourse with her. The final Rule 404(b) witness presented by the State was K.S. K.S. testified that Dowdy is her uncle and that he had forced her to perform oral sex on him, would masturbate while she sat on his lap, and that he had sex with her.

Finally, the State called Lea Ann Vanaman, a supervisor with the Arkansas State Police Crimes Against Children Division. Over Dowdy's objection, Vanaman testified that self–harming is common among child abuse victims. Vanaman also testified that victims of sexual abuse will continue to go around the abuser and that, on average, fifteen years passes between the time of the alleged abuse and the victim's first disclosure. She testified that she had not met or interviewed E.D. and that E.D.'s cutting could be the result of something other than sexual abuse.

After the State's case, Dowdy moved for directed verdict. In his motion, Dowdy contended that three of the charges for sexual indecency with a child were barred by the statute of limitations. Dowdy contended that only the April 11, 2011 charge for sexual indecency was not barred by the statute of limitations. He also argued that the State failed to present sufficient evidence that Dowdy purposefully exposed himself to E.D. He contended that E.D.'s testimony that she walked into the kitchen and Dowdy continued to masturbate was not sufficient to show purposeful action. Finally, Dowdy contended that the State failed to present sufficient evidence to support the rape charges because there was no evidence

SLIP OPINION

regarding deviate sexual activity, no allegation of sexual intercourse, and no proof of the victim's age. At the close of all evidence, Dowdy renewed these motions without presenting any additional argument. The circuit court denied the motions for directed verdict. After deliberation, the jury returned guilty verdicts on all counts and sentenced Dowdy as previously stated. After this appeal was lodged but prior to submission of the case, Sandy Dowdy notified this court that Dowdy died. On December 18, 2014, we granted her petition to proceed with the appeal.[1]

On appeal, Dowdy contends that the circuit court erred in denying his motions for directed verdict. He also contends that the circuit court erred in admitting the testimony of the Rule 404(b) witnesses and the testimony of Lea Ann Vanaman.

## II. *Standard of Review*

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Lamb v. State*, 372 Ark. 277, 280, 275 S.W.3d 144, 147 (2008). Double-jeopardy considerations require this court to review his directed-verdict argument first. *Id.* at 279, 275 S.W.3d at 146. When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *Stewart v. State*, 362 Ark. 400, 403, 208 S.W.3d 768, 770 (2005). In reviewing a challenge to the sufficiency

---

[1]Arkansas Code Annotated section 16-91-104 provides, "[n]o appeals shall be taken after the defendant's death, and, upon his or her death, an appeal taken during his or her life shall abate and shall not be revived." Arkansas Rule of Appellate Procedure–1(c) provides, "[u]pon the death of a defendant, the appeal shall not abate. The appeal shall continue on the relation of a representative party as provided in Ark. R. Civ. P. 25(a)." The State filed no response to Sandy Dowdy's request to continue the instant appeal.

of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Morrow v. State*, 2014 Ark. 510, at 4, ___ S.W.3d ___. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*

A challenge to the sufficiency of the evidence is preserved by making a specific motion for directed verdict at both the conclusion of the State's case and at the conclusion of all of the evidence. *Brown v. State*, 374 Ark. 324, 327, 287 S.W.3d 587, 589 (2008); Ark. R. Crim. P. 33.1. The rationale behind this rule is that "when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof." *Brown*, 374 Ark. at 327, 287 S.W.3d at 589 (citing *Pinell v. State*, 364 Ark. 353, 357, 219 S.W.3d 168, 171 (2005)). Without a ruling from the circuit court on a specific motion, there is nothing for this court to review. *See Ashley v. State*, 358 Ark. 414, 191 S.W.3d 520 (2004). Moreover, a party moving for directed verdict may not change his arguments on appeal and is limited to the scope and nature of his arguments made below. *Lamb*, 372 Ark. at 279, 275 S.W.3d at 146. Finally, we note that the Double Jeopardy Clause prohibits retrial after a conviction has been reversed because of insufficiency of the evidence. *Wilcox v. State*, 342 Ark. 388, 393, 39 S.W.3d 434, 437 (2000).

SLIP OPINION

Cite as 2015 Ark. 35

III. *Points on Appeal*

A. Directed Verdict

At the close of the State's evidence, Dowdy's counsel moved for directed verdict as to all counts. In the motion, counsel contended that the charge of sexual indecency with a child was barred by the statute of limitations and that the State had not shown purposeful action. He also contended that there was insufficient evidence of deviate sexual activity and that there was "no proof of the victim's age other than her testimony." At the close of all evidence, counsel renewed the motion for directed verdict without raising any additional issues. On appeal, Dowdy contends that if the circuit court had not allowed prior-bad-act testimony from multiple witnesses and had not allowed the irrelevant testimony of Vanaman, then the evidence would have been insufficient to support Dowdy's conviction.

Before this court, Dowdy seeks to change the basis of his directed-verdict motion on appeal to include alleged errors relating to the admission of certain witnesses' testimony. A party is not permitted to change the scope and nature of a directed-verdict motion on appeal. *See Lamb*, 372 Ark. at 279, 275 S.W.3d at 146. Therefore, we do not reach the merits of Dowdy's challenge to the denial of his motion to dismiss because he has changed the basis of his argument on appeal.

B. Rule 404(b) Evidence and Vanaman Testimony

Dowdy's next two points on appeal deal with the admission of evidence. The standard of review on admission of evidence is abuse of discretion. *O'Neal v. State*, 356 Ark. 674, 683, 158 S.W.3d 175, 181 (2004). This court has stated that abuse of discretion is a high threshold

6

that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Threadgill v. State*, 347 Ark. 986, 69 S.W.3d 423 (2002).

We have acknowledged that the remedy for improperly admitting evidence in to reverse and remand the proceedings. *See, e.g.*, *Rios v. State*, 262 Ark. 407, 557 S.W.2d 198 (1977) (reversing and remanding for the improper admission of evidence); *see also Phavixay v. State*, 373 Ark. 168, 282 S.W.3d 795 (2008) (remanding for a new trial due to the erroneous admission of evidence under Ark. R. Evid. 404(b)).

However, such a remedy is not available in this case because Dowdy is now deceased. Pursuant to Arkansas Code Annotated section 16-89-103, if the indictment is for a felony, the defendant must be present during the trial and judgment shall not be rendered until the presence of the defendant is obtained. Ark. Code Ann. § 16-89-103(a). Because there is no remedy this court can afford Dowdy, his assertions that the trial court erred in the admission of evidence are moot. Mootness is "a threshold matter" that we address before the merits are reached. *Shipp v. Franklin*, 370 Ark. 262, 266–67, 258 S.W.3d 744, 748 (2007). As a general rule, the appellate courts of this state will not review issues that are moot. *State v. Fudge*, 361 Ark. 412, 206 S.W.3d 850 (2005). A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Franklin*, 370 Ark. at 267, 258 S.W.3d at 748. Thus, Dowdy's allegations of errors are moot in light of the fact that the remedy for evidentiary errors is a new trial and that remedy is not available to Dowdy. Therefore, we do not address Dowdy's evidentiary points on appeal.

## C. Rule 4–3(i) Review

Dowdy was sentenced to life imprisonment; therefore, we are required by our own Supreme Court Rules to review all adverse rulings to Dowdy made on motions, objections, and other requests. *See Davis v. State*, 2009 Ark. 478, 15, 348 S.W.3d 553, 562; *see also* Ark. Sup. Ct. R. 4–3(i). During his motion for directed verdict, Dowdy maintained that the charge of sexual indecency with a child was barred, in part, by the statute of limitations. Specifically, Dowdy contended that as a class D felony, sexual indecency was subject to a three-year statute of limitations. *See* Ark. Code Ann. § 5-1-109(b)(2) (Repl. 2006). Counts six, seven, and eight of the amended information, which was filed on November 13, 2013, allege that the sexual indecency occurred "on or about  January 1, 2008 and April 1, 2011." Dowdy argued that January 1, 2008 was not within the three-year statute of limitations. The State responded that the charges were not subject to the three-year statute of limitations because the offense was committed against a minor and had never previously been reported. Ark. Code Ann. § 5-1-109(h) (Repl. 2006). The circuit court denied Dowdy's motion. We need not determine which statute of limitations applied to Dowdy's charges because we conclude that the charges were not barred even under the shorter three-year period.

In a criminal prosecution, the State must prove beyond a reasonable doubt that the statute of limitations has not expired. See Ark. Code Ann. § 5-1-111(a)(4). When a statute-of-limitations issue is reviewed on appeal, the appellate court views the evidence in the light most favorable to the state. *Talbert v. State*, 367 Ark. 262, 273, 239 S.W.3d 504, 513 (2006). A statute-of-limitations issue implicates jurisdiction to hear the case and cannot be waived.

*Doss v. Norris*, 2010 Ark. 199, at 2.  Neither Dowdy nor the State presents any argument about this issue on appeal.

Here, our review of the record demonstrates that the amended information alleges three counts of sexual indecency, and each count alleges that the act constituting the offense occurred "on or about January 1, 2008 and April 1, 2011."  April 1, 2011, is clearly within the three-year statute of limitations.  Thus, the amended information, on its face, alleges that the offenses occurred within the applicable limitations period.  *See, e.g.*, *Martin v. Equitable Life Assur. Soc. of the U.S.*, 344 Ark. 177, 183, 40 S.W.3d 733, 737–38 (2001) ("In order to prevail on a motion to dismiss the complaint on the basis of limitations, it must be barred on its face.").  Moreover, E.D.'s testimony that Dowdy touched her inappropriately in April 2011 is sufficient evidence to establish that the felony information was filed within the applicable statute of limitations.  *See Talbert*, 367 Ark. at 273, 239 S.W.3d at 514.

In conclusion, we do not address Dowdy's argument that the circuit court erred in denying his motion for directed verdict because he has changed his argument on appeal.  We do not address his remaining arguments because they are moot.  The record has been reviewed in accordance with Ark. Sup. Ct. R. 4-3(i), and no reversible error has been found.

Affirmed in part; dismissed in part.

*Paul J. Teufel*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.