SLIP OPINION

Cite as 2015 Ark. App. 133

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-541

KENNETH JOHN STONE

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered  FEBRUARY 25, 2015

APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT
[NO. CR-12-189]

HONORABLE STEPHEN TABOR, JUDGE

AFFIRMED

## KENNETH S. HIXSON, Judge

Appellant Kenneth John Stone appeals his conviction for second-degree domestic battery of his eleven-year-old son SS, following a jury trial in Sebastian County Circuit Court. Appellant was sentenced to three years in prison and a $5000 fine. On appeal, appellant challenges the sufficiency of the State's evidence that he acted "knowingly" in causing bruises to his son's thigh when he bit his son. Because the sufficiency of the evidence is not preserved for review, we affirm without reaching the merits of his argument.

As charged, in order to convict appellant of second-degree domestic battery, the State was required to prove that appellant knowingly caused physical injury to a family member he knew to be twelve years of age or younger. Ark. Code Ann. § 5-26-304(a)(4) (Repl. 2013). The method to challenge the sufficiency of the evidence at a criminal jury trial is by a motion for directed verdict. *See Bennett v. State*, 308 Ark. 393, 825 S.W.2d 560 (1992). According

SLIP OPINION

to Arkansas Rule of Criminal Procedure 33.1, if a motion for directed verdict is to be made in a jury trial, it must be made at the close of the State's evidence and at the close of all the evidence. Rule 33.1(a) requires that a motion for directed verdict "state the specific grounds therefor." Failure to comply with the time and manner requirements of Rule 33.1(a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c). Rule 33.1(c) recites that a directed-verdict motion that merely states that the evidence is insufficient does not preserve the issue for appellate review. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5. A general motion will not suffice; the motion must specifically advise the trial court as to how the evidence was deficient. *Gillard v. State*, 372 Ark. 98, 270 S.W.3d 836 (2008). The rationale behind this rule is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *Pinell v. State*, 364 Ark. 353, 219 S.W.3d 168 (2005). Without a trial court ruling on a specific motion, there is nothing for our court to review. *Maxwell v. State*, 373 Ark. 553, 285 S.W.3d 195 (2008). Our supreme court has held that Rule 33.1 is to be strictly construed. *Carey v. State*, 365 Ark. 379, 230 S.W.3d 553 (2006).

Here, the entirety of appellant's attorney's motion for directed verdict was as follows:

> Your Honor, we'll move for a directed verdict of acquittal. I did see a picture that does show a bruise on there, and I did hear testimony that the Defendant caused that. We would move for a directed verdict of acquittal, nevertheless.

Nowhere did appellant pinpoint what element of the offense the State failed to prove, and nowhere did appellant challenge the State's evidence to support his "knowing" intent.

2



Accordingly, his sufficiency argument is not preserved for appellate review. *Bradley v. State*, 2013 Ark. 58, 426 S.W.3d 363; *Brown v. State*, 374 Ark. 324, 287 S.W.3d 587 (2008).

We affirm appellant's conviction for second-degree domestic battery.

ABRAMSON and HOOFMAN, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.