

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–849

| | | |
|---|---|---|
| | | Opinion Delivered: MARCH 9, 2016 |
| THOMAS RAY WILSON | | APPEAL FROM THE MARION |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. CR–15–33] |
| V. | | |
| | | HONORABLE GORDON WEBB, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Thomas Wilson, a convicted sex offender, was convicted in a bench trial of failure to comply with registration requirements under the Sex Offender Registration Act. His conviction was based on his failure to report a change of address. Mr. Wilson was sentenced to two years in prison followed by a one-year suspended imposition of sentence. Mr. Wilson's sole argument on appeal is that there was insufficient evidence to support his conviction. We affirm.

Arkansas Code Annotated section 12–12–904(a)(1)(A)(ii) (Supp. 2015) provides that a person is guilty of a Class C felony who "[f]ails to report a change of address, employment, education, or training as required under this subchapter." "Change of address" is defined as "a change of residence or a change for more than thirty (30) days of temporary domicile, change of location of employment, education or training, or any other change that alters

where a sex offender regularly spends a substantial amount of time." Ark. Code Ann. § 12-12-903(4). Arkansas Code Annotated section 12-12-909(b)(1)(A) provides, in relevant part:

> (A)  Before a change of address within the State, a sex offender shall report the change of address to the local law enforcement agency having jurisdiction no later than ten (10) days before the sex offender establishes residency or is temporarily domiciled at the new address.
> (B)  The sex offender shall report to the local law enforcement agency having jurisdiction of the new address within three (3) days after relocating to the new address.

On appellate review of the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence. *Ashe v. State*, 57 Ark. App. 99, 942 S.W.2d 267 (1997). We view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *Rollf v. State*, 2015 Ark. App. 520, 472 S.W.3d 490. The evidence, whether direct or circumstantial, is sufficient to support a conviction if it compels a conclusion and passes beyond mere suspicion or conjecture. *Id.*

On January 29, 2015, Mr. Wilson registered as a sex offender with the Marion County Sheriff's Department. Appellant registered as "homeless" and listed his place of residence as Peel, Marion County, Arkansas.

Lt. Russell Stockdale, Sex Offender Officer at the Marion County Sheriff's Department, was the officer who registered Mr. Wilson. Although Mr. Wilson registered as "homeless" and provided no street address on the registration form, he gave Officer Stockdale the location "MC 2050" as the place where he would park his van at night. According to Officer Stockdale, this was a county road. Officer Stockdale testified:

> I had been going up there previously to see Mr. Wilson because he was having trouble finding a place to stay. He found that spot and nobody was bugging him there. He kept moving along the road and that spot he found and I verified it. I told him as long as nobody is bothering you there, that will work. I physically saw

the spot. I did a check on him and saw it that way. His van was going to be his shelter at that spot. He would be there at night and he would leave in the mornings. He said his wife had to babysit some kids and he would be there by ten or eleven o'clock at night.

Officer Stockdale testified that, on March 2, 2015, he went to the place where Mr. Wilson's van was supposed to have been parked and discovered that it was not there. Officer Stockdale then made contact with appellant's Boone County probation officer, Travis Flower, asking Officer Flower to check the GPS records from the electronic ankle monitor that Mr. Wilson was required to wear. The GPS records, which were introduced into evidence by the State, indicated that Mr. Wilson was not present in Peel or anywhere else in Marion County from February 25 through March 10, 2015, which was the last date recorded in the document. The GPS records showed that, during that time frame, Mr. Wilson had been at various locations in Harrison, which is in neighboring Boone County.

Officer Flower testified that he had placed the electronic ankle monitor on Mr. Wilson to track his whereabouts and ensure that he could determine his location at all times. Officer Flower stated that the electronic monitor had to be charged twice a day for an hour at a time. Because Mr. Wilson was homeless, he expressed concern to Officer Flower about Wilson having a location to charge the device. Officer Flower advised Mr. Wilson that it was his responsibility to find a location to charge the electronic ankle monitor, and Mr. Wilson told Officer Flower that he had been charging it at McDonald's and other locations. Officer Flower gave Mr. Wilson permission to charge the device at McDonald's. Officer Flower stated that there were two McDonald's locations in Harrison, but none that he knew of in Marion County. Officer Flower testified that, other than the

3

current charges for failure to comply with registration requirements, Mr. Wilson was in compliance with his probation and parole.

In this appeal, Mr. Wilson challenges the sufficiency of the evidence supporting his conviction. Mr. Wilson asserts that his probation officer had essentially given him a verbal pass to temporarily go to Boone County to recharge his electronic ankle monitor. Mr. Wilson contends that there was no testimony that he was permanently moving to Boone County. He further contends that there was never any express intent on his part to transfer his residency outside of Marion County, where he was registered. For these reasons, Mr. Wilson argues that there was insufficient evidence that he failed to comply with registration requirements, and that his conviction should be reversed.

In this case it is undisputed that Mr. Wilson never reported a change of address. Therefore, the pivotal issue is whether there was a "change of address" such to trigger the reporting requirements of the Sex Offender Registration Act. We hold that there was substantial evidence of a "change of address," and therefore sufficient evidence to support the trial court's finding that Mr. Wilson violated the registration and reporting requirements of the Act.

The evidence viewed in the light most favorable to the State showed that Mr. Wilson registered as a homeless resident of Marion County, and he thereafter established a place to park his van on a nightly basis with approval of his Sex Offender Officer. Sometime later, that officer made a random check of Mr. Wilson's usual location on the county road in Marion County, only to discover that Mr. Wilson was not there. As a result of his sex offense, Mr. Wilson was required to wear an electronic ankle monitor with a GPS tracking

system. With the use of the GPS technology, the State introduced documentation that Mr. Wilson had not been in his usual overnight location in Marion County, or any other location in Marion County, for a period of thirteen consecutive days. During this period, the GPS monitoring consistently tracked Mr. Wilson's location as being in Harrison, which is outside of Marion County. Contrary to Mr. Wilson's argument, this established more than a mere temporary relocation to Boone County to periodically recharge his electronic ankle monitor. It was evidence comporting with the definition of "change of residence" in that it amounted to "any other change that alters where a sex offender regularly spends a substantial amount of time." The applicable registration and reporting statute is one of strict liability, and no mens rea is required. *See Morrow v. State*, 2014 Ark. 510, 452 S.W.3d 90. Because the "change of address" went unreported by Mr. Wilson, we affirm his conviction.

Affirmed.

KINARD and WHITEAKER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jakcson*, Ass't Att'y Gen., for appellee.